ELECTRONICALLY FILED - 2022 Nov 18 12:06 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802818

STATE OF SOUTH CAROLINA     )     IN THE COURT OF COMMON PLEAS
     )
COUNTY OF BERKELEY     )     NINTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| Luxolo Tabata, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SUMMONS** |
| vs. | ) | |
| | ) | |
| City of Hanahan, Hanahan | ) | |
| Police Department, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**TO:**    **THE DEFENDANT ABOVE NAMED**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint upon the subscriber at his office at 171 Church Street, Suite 160, Charleston, South Carolina, 29401 within thirty (30) days after service hereof, exclusive of the day of such service.

**YOU ARE HEREBY GIVEN NOTICE FURTHER** that if you fail to appear and defend and fail to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, exclusive of the day of such service, judgment by default will be entered against you for the relief demanded in the Complaint.

Respectfully Submitted,
JOHN T. GENTRY, III, L.L.C.–S.C. BAR # 101527

s/*John T. Gentry, III*
John T. Gentry, III, Esq.
S.C. Bar No. 101527
john@johngentrylaw.com
171 Church Street, Suite 360
Charleston, South Carolina 29401
T* 843.806.2633
F* 843.806.2550

ELECTRONICALLY FILED - 2022 Nov 18 12:06 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802818

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF BERKELEY | ) | NINTH JUDICIAL CIRCUIT |
| | ) | |
| Luxolo Tabata, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | -Gross Negligence, South Carolina Tort |
| v. | ) | Claims Act S.C. Code § 15-78-70 |
| | ) | -Malicious Prosecution |
| | ) | |
| City of Hanahan, Hanahan Police | ) | |
| Department, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Luxolo Tabata demands a jury trial, and moves this Court for entry of judgment in his favor against the Defendants named herein, and in support of such complaint avers as follows:

## PARTIES

1. That Plaintiff Luxolo Tabata (herein "Plaintiff Tabata," "Mr. Tabata," "Tabata," or "Plaintiff") is a resident and domiciliary of New York.

2. Plaintiff alleges that the City of Hanahan (herein "Defendant City" or "City") and the Defendant City of Hanahan Police Department (herein "Defendant Hanahan Police Department")—respectively as municipality and municipal department— are liable for the acts and omissions of their officers; for the negligence, gross negligence, recklessness and other liability forming conduct that caused harm to the Plaintiff pursuant to the South Carolina Tort Claims Act, S.C. Code § 15-78-10 *et seq.*

2

ELECTRONICALLY FILED - 2022 Nov 18 12:06 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802818

3.    Hanahan Police Department Officers Mildred Rowell, Robert Tennant, Kenneth McConnell, and PFC Goss, were at all times herein acting within the course and scope of their official duties as employees of Defendant City and the Hanahan Police Department in relation to these claims.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the parties to this action pursuant to Article V of the South Carolina Constitution, as well as S.C. Code Ann. §§ 36-2-802 and 36-2-803.

5.    Jurisdiction is further founded—*inter alia*—upon South Carolina common law against Defendant City and Hanahan Police Department for the liability-creating conduct of pursuant to the South Carolina Tort Claims Act, S.C. Code § 15-78-10 *et seq*.

6.    Venue in this action is proper pursuant to S.C. Code Ann. § 15-7-30, given that the events underlying this cause of action, and the Defendants' domiciles are located in Berkeley County.

## FACTUAL BACKGROUND

7.    Plaintiff realleges and reiterates the preceding paragraphs, as fully as if repeated herein verbatim.

8.    On or around the evening of June 9, 2022, the Plaintiff met a female[1] downtown while going to various bars in downtown Charleston.

---

[1] The identity of the female (later listed as "accuser") referenced will remain nameless out of privacy concerns for said person.

ELECTRONICALLY FILED - 2022 Nov 18 12:06 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802818

9.      The Plaintiff eventually accompanied this female to her residence located in Hanahan, South Carolina. Once at the female's residence, the Plaintiff sang karaoke with the female and her roommate.

10.      Once the roommate went to bed, the female consented to taking a shower with the Plaintiff.

11.      After taking a shower with the Plaintiff, the female consented to allowing the Plaintiff to sleep in her bed in the nude.

12.      On or around 1:00 a.m. on June 10, 2022, the female woke the Plaintiff up screaming at him to "get out!".

13.      Plaintiff protested but did as the female commanded and left her apartment without transportation.

14.      The female (herein referred to as the "accuser") called 911 and reported that she was raped.

15.      Once the officers from Defendant City of Hanahan arrived, the accuser told Officer Mildred Rowell that she awoke to find the Plaintiff penetrating her vaginally with his fingers.

16.      Rowell further spoke to the accuser's roommate. The roommate stated she was asleep until the accuser woke her up and told her what had happened after the fact. The roommate further stated she did not hear any disturbances or anything out of the ordinary.

17.      Sgt. Callahan with the Defendant City of Hanahan located the Plaintiff at the intersection of Yeamans Hall Road and Murray Drive while he was waiting for an Uber.

4

ELECTRONICALLY FILED - 2022 Nov 18 12:06 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802818

18.    When Callahan approached the Plaintiff, Plaintiff did not run, nor resist, allowed the officer to pat him down, and spoke to the officers willingly. Plaintiff further offered to go for tests to prove that nothing happened.

19.    The accuser told Rowell that Plaintiff kissed her while they were in the shower and that she told Plaintiff that it made her uncomfortable. The accuser further told Rowell that she allowed Plaintiff to sleep in the nude but that she put on a t-shirt, underwear, and a pair of shorts. She further stated to Rowell that Plaintiff "began to try to touch her breasts" while "cuddling." She said she told him to stop and he stopped.

20.    The accuser further told Rowell that she "began waking up to [Plaintiff] 'fingering her vagina,' so she sat up. . . realized she no longer had underwear or shorts on . . . found her clothes on the floor."

21.    The accuser further told Rowell that "[Plaintiff] was laying on the bed pretending to be asleep."

22.    Officer Rowell then spoke with the Plaintiff.  According to her incident report, Officer Rowell stated that "I asked Tabata if anything happened to where Brunkow asked him to stop doing something, and he continued to state 'I did nothing.' " It was at this point that Rowell came to the decision to arrest the Plaintiff for criminal sexual conduct, 3rd degree based on him saying "I did nothing."

23.    Officer Callahan further stated that Plaintiff "did not initially provide all the details of his statement when first speaking with police," before his arrest, yet Callahan does not elaborate nor explain that statement.

24.   Then and there at the time and based on the limited and insufficient investigation by the Officers of the City of Hanahan, Luxolo Tabata was arrested for criminal sexual conduct third degree.

25.   After Luxolo Tabata was already arrested and detained for criminal sexual conduct third degree, the accuser told the officers that her vagina was sore and they put her in contact with a victim advocate and MUSC for a rape kit, yet upon information and belief, no such test was ever done.

26.   Further upon information and belief, PFC Goss of the Hanahan Police Department transported the Plaintiff to jail. When booking the Plaintiff, Goss commented to the other officers on duty at the jail questioning the validity of the charges against the Plaintiff.

27.   Then and there at the time of Plaintiff's arrest, Plaintiff's accuser was a former member of the armed forces who had been discharged due to mental health issues.

28.   The accuser had further accused another male of rape only eight ("8") months prior to this incident, accusations which were found to be unfounded.

29.   The accuser had further been arrested and had attempted to flee from police custody only seven ("7") months prior to this incident.

30.   Upon further investigation by the Plaintiff's criminal defense attorney, the accuser had in-fact been in a "psych ward" from on or around November of 2021 to March of 2022.

31.   The information stated in paragraphs 24 through 27 was readily available to Rowell, Callahan, and other investigating officers at the time of Plaintiff's arrest.

ELECTRONICALLY FILED - 2022 Nov 18 12:06 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802818

32.    Moreover, the information stated in paragraphs 24 through 27 pertaining to the accuser's psychiatric history was available at the time of Plaintiff's arrest.

33.    Despite this readily available information, the City of Hanahan , by and through its officers, did nothing to properly investigate this matter. Upon information and belief, they failed to conduct a rape kit test or any other type of test based on the accuser's complaints of vaginal pain, they failed to investigate the accuser's rife background to make fraudulent and unfounded rape allegations, and they failed to investigate the accuser's background of suffering from mental illness, and as a result, the Plaintiff remained incarcerated.

34.    On or about August 5, 2022–approximately 56 days after Plaintiff was arrested– the preliminary hearing court dismissed the charges against the Plaintiff for lack of probable cause.

35.    Unfortunately, and up until that point, Plaintiff had not only lost personal income to pay for attorney fees, lack of his freedom for 56 days, pain and suffering, loss of enjoyment of life, mental anguish, and loss of his constitutional protections; but Plaintiff had also lost his job as a chef for which he was allowed to be in this country pursuant to a work visa.

36.    As a result, and in addition to the damages enumerated above and as of the date of this filing, Plaintiff could lose his right to be in this country, and furthermore lose his right to return to his home country of South Africa based on that country's immigration restrictions for those who have been charged with crimes as the one for which Plaintiff was charged.

ELECTRONICALLY FILED - 2022 Nov 18 12:06 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802818

7

ELECTRONICALLY FILED - 2022 Nov 18 12:06 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802818

37.  Despite the readily available information to officers on June 10, 2022 and at any time thereafter, Plaintiff was held for this egregious charge. The charge was maintained and remained pending until on or around August 5, 2022, at which time a magistrate judge dismissed the charge, ruling the officers lacked probable cause to charge Mr. Tabata.

38.  The acts and omissions by the Defendants above, through both direct and vicarious liability, were the direct and proximate cause of the injuries, damage, and losses to the Plaintiff, including but not limited to loss of his freedom, damage to his reputation, pain and suffering, shock, humiliation, shame, embarrassment and anxiety, loss of enjoyment of life, and other damages, both economic and non-economic, as may be learned during the discovery of this case.

<u>**FOR A FIRST CAUSE OF ACTION**</u>
**(Negligence & Gross Negligence— State Tort Claims Act)**
**(As to Defendants City of Hanahan and Hanahan Police Department)**

39.  Plaintiff re-alleges and reiterates every allegation of the preceding paragraphs, as fully as if repeated herein verbatim.

40.  Defendants above-named in this cause of action departed from the duties of care required by law enforcement officers and the agencies that hire, train, and employ these officers and were thereby negligent, careless, grossly negligent, reckless, and acted in violation of the duties owed to Plaintiff in that they committed one or more of the following acts and/or omissions or commission, any or all of which were departures from the prevailing duties of care:

a. in failing to ensure the safety, freedom, and reputation of the Plaintiff upon Plaintiff's willingness to assist them with an investigation precipitated by his accuser;

b. in failing to appreciate the conditions that existed during the events in question or use and assess readily available information when lacking corroboration in a criminal sexual conduct investigation;

c. in failing to adhere to proper law enforcement procedures;

d. in failing to enforce proper law enforcement disciplinary procedures;

e. in failing to possess probable cause in order to effectuate the arrest and continued detainment and maintaining of charges against  Plaintiff Tabata;

f. in failing to have in place proper and adequate policies, procedures and protocols for law enforcement officers to investigate allegations and reports, training of officers or, if such policies, procedures, and protocols were in place, in failing to use due care to enforce them;

g. in such other particulars as may be ascertained through discovery procedures undertaken pursuant to the South Carolina Rules of Civil Procedure.

41.     As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the duties of care owed by the above-referenced Defendants in this cause of action, Plaintiff was severely injured and has suffered loss of his freedom, embarrassment, and other harms and losses for which the Plaintiff is entitled to recover in an amount to be determined by a jury at the trial of this action.

**FOR A SECOND CAUSE OF ACTION**
**(False Arrest & Malicious Prosecution—State Tort Claims Act)**

9

ELECTRONICALLY FILED - 2022 Nov 18 12:06 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802818

ELECTRONICALLY FILED - 2022 Nov 18 12:06 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802818

**(All Defendants)**

42.     Plaintiff reaffirms the previous paragraphs as if stated verbatim herein.

43.     Although said proceedings were initiated without probable cause, criminal legal proceedings were commenced against the Plaintiff on June 10, 2022.

44.     These criminal legal proceedings were brought at the behest of the Defendants City and Police Department, by and through Officers including but not limited to Mildred Rowell and Sgt. Callahan.

45.     These criminal proceedings were subsequently terminated in Plaintiff's favor.

46.     Based on the claims and facts stated in this pleading herein, a sufficient lack of probable cause has been shown to create an inference of malice to carry this question to the trier of fact.

47.     Malice can further be inferred from averments including-but not limited to-the following:

        a. Officer Rowell failed to readily available background information that would have brought the credibility of the accuser into serious question; failed to find any evidence of a struggle, failed to find any injuries on the purported victim, failed to find any relevant evidence that made the Plaintiff less credible than his accuser

48.     Based on the investigation, there was not probable cause to either arrest or continue to detain and charge the Plaintiff for Criminal Sexual Conduct Third Degree.

49.     Plaintiff received injury and damages as a result of these acts and omissions, including but not limited to pain and suffering, shock, humiliation, shame, embarrassment and anxiety, and suffering, shock, humiliation, shame,

10

embarrassment and anxiety, loss of enjoyment of life, and other damages, both economic and non-economic, as may be learned during the discovery and trial of this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment against all Defendants for all actual damages, consequential damages, and punitive damages in an amount to be determined by a jury at the trial of this action, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,
JOHN T. GENTRY, III, L.L.C.-S.C. BAR # 101527

s/*John T. Gentry, III.*
John T. Gentry, III, Esq.
john@johngentrylaw.com
171 Church Street, Suite 360
Charleston, SC  29401
T*  843.806.2633
F*  843.806.2550

**ATTORNEY FOR PLAINTIFF**

November 17, 2022.
Charleston, South Carolina

11

ELECTRONICALLY FILED - 2022 Nov 18 12:06 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802818